## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| U.S. COMMODITY FUTURES TRADING COMMISSION | ) ) ) | |
| Plaintiff, | ) ) | **CIVIL ACTION** **CASE NO. 10-2490-EFM** |
| v. | ) ) | |
| MIDWEST LAND & LIVESTOCK, INC., a Nevada corporation, SKV FARMS INC., a Delaware corporation, DCV FARMS, INC., a Delaware corporation, and MARK ALAN VANDERPLOEG, an individual | ) ) ) ) ) ) | |
| Defendants. | ) | |

## ANSWER

COMES NOW Defendants, Midwest Land & Livestock, Inc. ("MLL"), SKV Farms Inc. ("SKV"), DCV Farms, Inc. ("DCV"), and Mark Alan Vanderploeg ("Vanderploeg," and collectively with MLL, SKV, and DCV, "Defendants"), by and through the undersigned counsel, and for their Answer to the Complaint filed by Plaintiff, the U.S. Commodity Futures Trading Commission ("CFTC"), states and avers as follows:

## I.   SUMMARY

1.    Defendants deny the averments contained in paragraph 1 of Plaintiff's Complaint and demand strict proof thereof.

2.    The averments contained in paragraph 2 of Plaintiff's Complaint are not directed to Defendants.  As such, no response is deemed necessary.  To the extent a response is deemed necessary, the same is denied and Defendants demand strict proof thereof.

3.    Defendants admit entering into forward contracts with various Grain Entities for the delivery of Grain during the 2008 harvest.  Further, Defendants lack knowledge or information

sufficient to form a belief as to the truth of the remaining averments contained in paragraph 3 of Plaintiff's Complaint, and on this basis deny the remaining averments contained in said paragraph and demand strict proof thereof.

4.      Defendants deny the averments contained in paragraph of Plaintiff's Complaint and demand strict proof thereof.

5.      Defendants deny that they demanded that the Grain Entities share their hedging gains and demand strict proof thereof.  Further, Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining averments contained in paragraph 5 of Plaintiff's Complaint, and on this basis deny the remaining averments contained in said paragraph and demand strict proof thereof.

6.      The averments contained in paragraph 6 of Plaintiff's Complaint are not directed to Defendants.  As such, no response is deemed necessary.  To the extent a response is necessary, the same is denied and strict proof is demanded.

7.      Defendants deny that they failed to deliver any commodities or that they disappeared and demand strict proof thereof.  Further, Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining averments contained in paragraph 7 of Plaintiff's Complaint, and on this basis deny the remaining averments contained in said paragraph and demand strict proof thereof.

8.      Paragraph 8 of Plaintiff's Complaint states legal conclusions to which no response is necessary.  To the extent that a response is deemed necessary, Defendants deny the same and demand strict proof thereof.

WA 2545427.1

9.      Paragraph 9 of Plaintiff's Complaint states legal conclusions to which no response is necessary.  To the extent that a response is deemed necessary, Defendants deny the same and demand strict proof thereof.

10.     Paragraph 10 of Plaintiff's Complaint states legal conclusions to which no response is necessary.  To the extent that a response is deemed necessary, Defendants deny the same and demand strict proof thereof.

## II.      JURISDICTION AND VENUE

11.     Paragraph 11 of Plaintiff's Complaint states legal conclusions to which no response is necessary.  To the extent that a response is deemed necessary, Defendants deny the same and demand strict proof thereof.

12.     Paragraph 12 of Plaintiff's Complaint states legal conclusions to which no response is necessary.  To the extent that a response is deemed necessary, Defendants deny the same and demand strict proof thereof.

## III.     THE PARTIES

13.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 13 of Plaintiff's Complaint, and on this basis deny each and every averment contained in said paragraph and demand strict proof thereof.

14.     MLL admits that it was a Nevada corporation with its principal place of business located at 6635 Happy Valley Road, Suite A104, #467, Glendale, Arizona and that it has never been registered with the Commission in any capacity.  Except as expressly admitted, MLL denies the remaining averments contained in paragraph 14 of Plaintiff's Complaint and demands strict proof thereof.

15.     SKV admits that it is a Delaware corporation with its principal place of business located at 4089 South 84th Street, Omaha, Nebraska, that it is registered to do business in Iowa, that

WA 2545427.1

it registered JDBC and Ox Plow as fictitious names with the Iowa Secretary of State, and that it has never been registered with the Commission in any capacity.  Except as expressly admitted, SKV denies the remaining averments contained in paragraph 15 of Plaintiff's Complaint and demands strict proof thereof.

16.     DCV admits that it is a Delaware corporation with its principal place of business located at 3208 West Lake Street, Suite 72, Minneapolis, Minnesota, 55416 and that it has never been registered with the Commission in any capacity.  Except as expressly admitted, DCV denies the remaining averments contained in paragraph 16 of Plaintiff's Complaint and demands strict proof thereof.

17.     Vanderploeg admits that he is an individual who previously lived in Glendale, Arizona, that he was MLL's corporate secretary, that he is a director of SKV, that he was registered with the Commission from 1983 to 1985 as an associated person of three different introducing brokers, and that he has not been registered with the Commission in any capacity since 1985.  Except as expressly admitted, Vanderploeg denies the remaining averments contained in paragraph 17 of Plaintiff's Complaint and demands strict proof thereof.

## IV.     FACTS COMMON TO ALL COUNTS

### A.     General Background Related to Grain Markets

18.     The averments contained in paragraph 18 of Plaintiff's Complaint are not directed to Defendants.  As such, no response is deemed necessary.  To the extent a response is necessary, the same is denied and strict proof is demanded.

19.     The averments contained in paragraph 19 of Plaintiff's Complaint are not directed to Defendants.  As such, no response is deemed necessary.  To the extent a response is necessary, the same is denied and strict proof is demanded.

4

20.     The averments contained in paragraph 20 of Plaintiff's Complaint are not directed to Defendants.  As such, no response is deemed necessary.  To the extent a response is necessary, the same is denied and strict proof is demanded.

21.     The averments contained in paragraph 21 of Plaintiff's Complaint are not directed to Defendants.  As such, no response is deemed necessary.  To the extent a response is necessary, the same is denied and strict proof is demanded.

22.     The averments contained in paragraph 22 of Plaintiff's Complaint are not directed to Defendants.  As such, no response is deemed necessary.  To the extent a response is necessary, the same is denied and strict proof is demanded.

23.     The averments contained in paragraph 23 of Plaintiff's Complaint are not directed to Defendants.  As such, no response is deemed necessary.  To the extent a response is necessary, the same is denied and strict proof is demanded.

24.     The averments contained in paragraph 24 of Plaintiff's Complaint are not directed to Defendants.  As such, no response is deemed necessary.  To the extent a response is necessary, the same is denied and strict proof is demanded.

25.     The averments contained in paragraph 25 of Plaintiff's Complaint are not directed to Defendants.  As such, no response is deemed necessary.  To the extent a response is necessary, the same is denied and strict proof is demanded.

26.     The averments contained in paragraph 26 of Plaintiff's Complaint are not directed to Defendants.  As such, no response is deemed necessary.  To the extent a response is necessary, the same is denied and strict proof is demanded.

WA 2545427.1

27.     The averments contained in paragraph 27 of Plaintiff's Complaint are not directed to Defendants.  As such, no response is deemed necessary.  To the extent a response is necessary, the same is denied and strict proof is demanded.

**B.     Overview of Defendants' Scheme**

28.     Defendants deny the averments contained in paragraph 28 of Plaintiff's Complaint and demand strict proof thereof.

29.     Defendants admit that they contacted various Grain Entities between the fall of 2007 and early summer 2008.  Except as expressly admitted, Defendants deny the remaining averments contained in paragraph 29 of Plaintiff's Complaint and demand strict proof thereof.

30.     Defendants admit that they entered into forward contracts with various Grain Entities. Except as expressly admitted, Defendants deny the remaining averments contained in paragraph 30 of Plaintiff's Complaint and demand strict proof thereof.

31.     Defendants admit that they did not procure any farmland.  Except as expressly admitted, Defendants deny the remaining averments contained in paragraph 31 of Plaintiff's Complaint and demand strict proof thereof.

32.     Defendants admit that they informed some Grain Entities that they would be unable to deliver Grain due to circumstances beyond their control.  Except as expressly admitted, Defendants deny the remaining averments contained in paragraph 32 of Plaintiff's Complaint and demand strict proof thereof.

33.     Defendants admit that they requested that various Grain Entities pay Defendants the difference between the market and contract price of Grain, per business custom.  Additionally, Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining

WA 2545427.1

averments contained in paragraph 33 of Plaintiff's Complaint, and on this basis deny each and every remaining averment not expressly admitted and demand strict proof thereof.

34.     Defendants deny the averments contained in paragraph 34 of Plaintiff's Complaint and demand strict proof thereof.

35.     Defendants admit that they forward contracted with various Grain Entities in Kansas, Minnesota, Iowa, Illinois, and South Dakota.   Additionally, Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining averments contained in paragraph 35 of Plaintiff's Complaint, and on this basis deny each and every remaining averment not expressly admitted and demand strict proof thereof.

36.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 36 of Plaintiff's Complaint, and on this basis deny each and every averment contained in paragraph 36 of Plaintiff's Complaint and demand strict proof thereof.

37.     Defendants admit that no Grain was delivered in Kansas, however, Defendants sought to settle all contracts per their terms and/or business customs.   Defendants were thwarted in their efforts by the acts of others.   Additionally, Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining averments contained in paragraph 37 of Plaintiff's Complaint, and on this basis deny each and every remaining averment not already denied and demand strict proof thereof.

38.     Defendants state that the document referenced in paragraph 38 of Plaintiff's Complaint is a written document, the contents of which speak for itself.   Except as expressly admitted, Defendants deny each and every averment contained in said paragraph and demand strict proof thereof.

WA 2545427.1

39.     Defendants state that the documents referenced in paragraph 39 of Plaintiff's Complaint are written documents, the contents of which speak for themselves.  Except as expressly admitted, Defendants deny each and every averment contained in said paragraph and demand strict proof thereof.

40.     Defendants deny the averments contained in paragraph 40 of Plaintiff's Complaint and demand strict proof thereof.

41.     Defendants admit that it delivered Grain to Grain Entities with whom they contracted when possible and that they purchased any delivered commodity on the cash market.  Except as expressly admitted, Defendants deny the remaining averments contained in paragraph 41 of Plaintiff's Complaint and demand strict proof thereof.

42.     Defendants admit that they sent money to various Grain Entities in Kansas.  Except as expressly admitted, Defendants deny the remaining averments contained in paragraph 42 of Plaintiff's Complaint and demand strict proof thereof.

C.     **Defendants' Use of Trade Names and Aliases**

43.     Defendants admit that they operated under various trade names.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining averments contained in paragraph 43 of Plaintiff's Complaint, and on this basis deny each and every averment contained in said paragraph and demand strict proof thereof.

44.     Defendants admit that Vanderploeg controlled the operations of MLL, SKV, and DCV, and that he communicated, executed contracts, negotiated checks, and opened post office drop boxes from which he conducted business pertaining to MLL, SKV, and DCV.  Except as expressly admitted, Defendants deny the remaining averments contained in paragraph 44 of Plaintiff's Complaint and demand strict proof thereof.

45.     Defendants admit that Vanderploeg was an agent of MLL, SKV, and DCV during the Relevant Period.  Except as expressly admitted, Defendants deny the remaining averments contained in paragraph 45 of Plaintiff's Complaint and demand strict proof thereof.

**D.**     **Defendants' Transactions with Grain Entities**

        **Kansas Grain Entities**

46.     The averments contained in paragraph 46 of Plaintiff's Complaint are not directed to Defendants.  As such, no response is deemed necessary.  To the extent a response is necessary, the same is denied and strict proof is demanded.

47.     Defendants Vanderploeg and MLL admit that they emailed and telephoned various Grain Entities throughout Kansas.  Except as expressly admitted, Defendants deny the remaining averments contained in paragraph 47 of Plaintiff's Complaint and demand strict proof thereof.

48.     Defendants Vanderploeg and MLL deny the averments contained in paragraph 48 of Plaintiff's Complaint and demand strict proof thereof.

49.     Paragraph 49 of Plaintiff's Complaint states legal conclusions to which no response is necessary.  To the extent that a response is deemed necessary, Defendants deny the same and demand strict proof thereof.

50.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 50 of Plaintiff's Complaint, and on this basis deny the averments contained in said paragraph and demand strict proof thereof.

51.     The averments contained in paragraph 51 of Plaintiff's Complaint are not directed to Defendants.  As such, no response is deemed necessary.  To the extent a response is necessary, the same is denied and strict proof is demanded.

WA 2545427.1

52.     The averments contained in paragraph 52 of Plaintiff's Complaint are not directed to Defendants.  As such, no response is deemed necessary.  To the extent a response is necessary, the same is denied and strict proof is demanded.

53.     Defendants Vanderploeg and MLL deny the averments contained in paragraph 53 of Plaintiff's Complaint and demand strict proof thereof.

54.     The averments contained in paragraph 54 of Plaintiff's Complaint are not directed to Defendants.  As such, no response is deemed necessary.  To the extent a response is necessary, the same is denied and strict proof is demanded.

55.     Defendants Vanderploeg and MLL admit that no Grain was delivered in Kansas, however, Defendants sought to settle all contracts per their terms and/or business customs. Defendants were thwarted in their efforts to honor contracts by the acts of others.

56.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 56 of Plaintiff's Complaint, and on this basis deny the averments contained in said paragraph and demand strict proof thereof.

57.     The averments contained in paragraph 57 of Plaintiff's Complaint are not directed to Defendants.  As such, no response is deemed necessary.  To the extent a response is necessary, the same is denied and strict proof is demanded.

58.     Defendants state that the documents referenced in paragraph 58 of Plaintiff's Complaint are written documents, the contents of which speak for themselves.  Except as expressly admitted, Defendants deny each and every averment contained in said paragraph and demand strict proof thereof.

WA 2545427.1

59.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 59 of Plaintiff's Complaint, and on this basis deny the averments contained in said paragraph and demand strict proof thereof.

60.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 60 of Plaintiff's Complaint, and on this basis deny the averments contained in said paragraph and demand strict proof thereof.

61.     The averments contained in paragraph 61 of Plaintiff's Complaint are not directed to Defendants.  As such, no response is deemed necessary.  To the extent a response is necessary, the same is denied and strict proof is demanded.

62.     The averments contained in paragraph 62 of Plaintiff's Complaint are not directed to Defendants.  As such, no response is deemed necessary.  To the extent a response is necessary, the same is denied and strict proof is demanded.

**Minnesota Grain Entities**

63.     The averments contained in paragraph 63 of Plaintiff's Complaint are not directed to Defendants.  As such, no response is deemed necessary.  To the extent a response is necessary, the same is denied and strict proof is demanded.

64.     Defendants Vanderploeg and DCV admit that they telephoned various Grain Entities throughout Minnesota.  Except as expressly admitted, Defendants deny the remaining averments contained in paragraph 64 of Plaintiff's Complaint and demand strict proof thereof.

65.     Paragraph 65 of Plaintiff's Complaint states legal conclusions to which no response is necessary.  To the extent that a response is deemed necessary, Defendants deny the same and demand strict proof thereof.

66.    The averments contained in paragraph 66 of Plaintiff's Complaint are not directed to Defendants.  As such, no response is deemed necessary.  To the extent a response is necessary, the same is denied and strict proof is demanded.

67.    Defendants Vanderploeg and DCV deny the averments contained in paragraph 67 of Plaintiff's Complaint and demand strict proof thereof.

68.    The averments contained in paragraph 68 of Plaintiff's Complaint are not directed to Defendants.  As such, no response is deemed necessary.  To the extent a response is necessary, the same is denied and strict proof is demanded.

69.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 69 of Plaintiff's Complaint, and on this basis deny the averments contained in said paragraph and demand strict proof thereof.

70.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 70 of Plaintiff's Complaint, and on this basis deny the averments contained in said paragraph and demand strict proof thereof.

71.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 71 of Plaintiff's Complaint, and on this basis deny the averments contained in said paragraph and demand strict proof thereof.

72.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 72 of Plaintiff's Complaint, and on this basis deny the averments contained in said paragraph and demand strict proof thereof.

73.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 73 of Plaintiff's Complaint, and on this basis deny the averments contained in said paragraph and demand strict proof thereof.

WA 2545427.1

74.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 74 of Plaintiff's Complaint, and on this basis deny the averments contained in said paragraph and demand strict proof thereof.

75.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 75 of Plaintiff's Complaint, and on this basis deny the averments contained in said paragraph and demand strict proof thereof.

76.     The averments contained in paragraph 76 of Plaintiff's Complaint are not directed to Defendants.  As such, no response is deemed necessary.  To the extent a response is necessary, the same is denied and strict proof is demanded.

**Iowa Grain Entities**

77.     The averments contained in paragraph 77 of Plaintiff's Complaint are not directed to Defendants.  As such, no response is deemed necessary.  To the extent a response is necessary, the same is denied and strict proof is demanded.

78.     Defendants Vanderploeg and SKV admit that they telephoned various Grain Entities in Iowa.  Except as expressly admitted, Defendants deny the remaining averments contained in paragraph 78 of Plaintiff's Complaint and demand strict proof thereof.

79.     Paragraph 79 of Plaintiff's Complaint states legal conclusions to which no response is necessary.  To the extent that a response is deemed necessary, Defendants deny the same and demand strict proof thereof.

80.     The averments contained in paragraph 80 of Plaintiff's Complaint are not directed to Defendants.  As such, no response is deemed necessary.  To the extent a response is necessary, the same is denied and strict proof is demanded.

WA 2545427.1

81.     Defendants Vanderploeg and SKV deny the averments contained in paragraph 81 of Plaintiff's Complaint and demand strict proof thereof.

82.     The averments contained in paragraph 82 of Plaintiff's Complaint are not directed to Defendants.  As such, no response is deemed necessary.  To the extent a response is necessary, the same is denied and strict proof is demanded.

83.     Defendants Vanderploeg and SKV lack knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 83 of Plaintiff's Complaint, and on this basis deny the averments contained in said paragraph and demand strict proof thereof.

84.     Defendants Vanderploeg and SKV lack knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 84 of Plaintiff's Complaint, and on this basis deny the averments contained in said paragraph and demand strict proof thereof.

85.     Defendants Vanderploeg and SKV lack knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 85 of Plaintiff's Complaint, and on this basis deny the averments contained in said paragraph and demand strict proof thereof.

86.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 86 of Plaintiff's Complaint, and on this basis deny the averments contained in said paragraph and demand strict proof thereof.

87.     Defendants Vanderploeg and SKV lack knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 87 of Plaintiff's Complaint, and on this basis deny the averments contained in said paragraph and demand strict proof thereof.

88.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 88 of Plaintiff's Complaint, and on this basis deny the averments contained in said paragraph and demand strict proof thereof.

WA 2545427.1

89.     The averments contained in paragraph 89 of Plaintiff's Complaint are not directed to Defendants.  As such, no response is deemed necessary.  To the extent a response is necessary, the same is denied and strict proof is demanded.

**Illinois Grain Entities**

90.     The averments contained in paragraph 90 of Plaintiff's Complaint are not directed to Defendants.  As such, no response is deemed necessary.  To the extent a response is necessary, the same is denied and strict proof is demanded.

91.     Defendants Vanderploeg and MLL admit that they telephoned various Grain Entities in Illinois.  Except as expressly admitted, Defendants deny the remaining averments contained in paragraph 91 of Plaintiff's Complaint and demand strict proof thereof.

92.     Paragraph 92 of Plaintiff's Complaint states legal conclusions to which no response is necessary.  To the extent that a response is deemed necessary, Defendants deny the same and demand strict proof thereof.

93.     The averments contained in paragraph 93 of Plaintiff's Complaint are not directed to Defendants.  As such, no response is deemed necessary.  To the extent a response is necessary, the same is denied and strict proof is demanded.

94.     Defendants Vanderploeg and MLL deny the averments contained in paragraph 94 of Plaintiff's Complaint and demand strict proof thereof.

95.     The averments contained in paragraph 95 of Plaintiff's Complaint are not directed to Defendants.  As such, no response is deemed necessary.  To the extent a response is necessary, the same is denied and strict proof is demanded.

96.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 96 of Plaintiff's Complaint, and on this basis deny the averments contained in said paragraph and demand strict proof thereof.

97.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 97 of Plaintiff's Complaint, and on this basis deny the averments contained in said paragraph and demand strict proof thereof.

98.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 98 of Plaintiff's Complaint, and on this basis deny the averments contained in said paragraph and demand strict proof thereof.

99.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 99 of Plaintiff's Complaint, and on this basis deny the averments contained in said paragraph and demand strict proof thereof.

100.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 100 of Plaintiff's Complaint, and on this basis deny the averments contained in said paragraph and demand strict proof thereof.

101.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 101 of Plaintiff's Complaint, and on this basis deny the averments contained in said paragraph and demand strict proof thereof.

102.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 102 of Plaintiff's Complaint, and on this basis deny the averments contained in said paragraph and demand strict proof thereof.

WA 2545427.1

103.    The averments contained in paragraph 103 of Plaintiff's Complaint are not directed to Defendants.  As such, no response is deemed necessary.  To the extent a response is necessary, the same is denied and strict proof is demanded.

**South Dakota Grain Entities**

104.    The averments contained in paragraph 104 of Plaintiff's Complaint are not directed to Defendants.  As such, no response is deemed necessary.  To the extent a response is necessary, the same is denied and strict proof is demanded.

105.    Defendants Vanderploeg and SKV admit that they telephoned various Grain Entities in South Dakota.  Except as expressly admitted, Defendants deny the remaining averments contained in paragraph 105 of Plaintiff's Complaint and demand strict proof thereof.

106.    Paragraph 106 of Plaintiff's Complaint states legal conclusions to which no response is necessary.  To the extent that a response is deemed necessary, Defendants deny the same and demand strict proof thereof.

107.    The averments contained in paragraph 107 of Plaintiff's Complaint are not directed to Defendants.  As such, no response is deemed necessary.  To the extent a response is necessary, the same is denied and strict proof is demanded.

108.    Defendants Vanderploeg and SKV deny the averments contained in paragraph 108 of Plaintiff's Complaint and demand strict proof thereof.

109.    The averments contained in paragraph 109 of Plaintiff's Complaint are not directed to Defendants.  As such, no response is deemed necessary.  To the extent a response is necessary, the same is denied and strict proof is demanded.

WA 2545427.1

110.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 110 of Plaintiff's Complaint, and on this basis deny the averments contained in said paragraph and demand strict proof thereof.

111.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 111 of Plaintiff's Complaint, and on this basis deny the averments contained in said paragraph and demand strict proof thereof.

112.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 112 of Plaintiff's Complaint, and on this basis deny the averments contained in said paragraph and demand strict proof thereof.

113.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 113 of Plaintiff's Complaint, and on this basis deny the averments contained in said paragraph and demand strict proof thereof.

114.    The averments contained in paragraph 114 of Plaintiff's Complaint are not directed to Defendants.  As such, no response is deemed necessary.  To the extent a response is necessary, the same is denied and strict proof is demanded.

**E.    The False Reports' Impact on Commodity Prices in Interstate Commerce**

115.    Defendants deny the averments contained in paragraph 115 of Plaintiff's Complaint and demand strict proof thereof.

116.    Defendants deny the averments contained in paragraph 116 of Plaintiff's Complaint and demand strict proof thereof.

117.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 117 of Plaintiff's Complaint, and on this basis deny the averments contained in said paragraph and demand strict proof thereof.

18

118.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 118 of Plaintiff's Complaint, including subparagraphs a – e, and on this basis deny the averments contained in said paragraph and demand strict proof thereof.

119.    Defendants deny the averments contained in paragraph 119 of Plaintiff's Complaint and demand strict proof thereof.

120.    The averments contained in paragraph 120 of Plaintiff's Complaint are not directed to Defendants.  As such, no response is deemed necessary.  To the extent a response is necessary, the same is denied and strict proof is demanded.

121.    Defendants deny they communicated any false report to any Grain Entity and demand strict proof thereof.  Further, Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining averments contained in paragraph 121 of Plaintiff's Complaint, and on this basis deny the remaining averments contained in said paragraph and demand strict proof thereof.

122.    Defendants deny the averments contained in paragraph 122 of Plaintiff's Complaint and demand strict proof thereof.

## V.    VIOLATIONS OF THE COMMODITY EXCHANGE ACT

### COUNT I
### DELIVERY OF FALSE OR MISLEADING OR
### KNOWINGLY INACCURATE REPORTS
### (All Defendants)

### Violations of Section 9(a)(2) of the Act, 7 U.S.C. §13(a)(2)

123.    In response to paragraph 123 of Plaintiff's Complaint, Defendants reincorporate each of the foregoing paragraphs of their Answer as if fully set forth herein.

124.    Defendants state that the document referenced in paragraph 124 of Plaintiff's Complaint is a written document, the contents of which speak for themselves.  Except as expressly

WA 2545427.1

admitted, Defendants deny each and every averment contained in said paragraph and demand strict proof thereof.

125.    Paragraph 125 of Plaintiff's Complaint states legal conclusions to which no response is necessary.  To the extent that a response is deemed necessary, Defendants deny the same and demand strict proof thereof.

126.    Defendants deny the averments contained in paragraph 126 of Plaintiff's Complaint and demand strict proof thereof.

127.    Defendants deny the averments contained in paragraph 127 of Plaintiff's Complaint and demand strict proof thereof.

128.    Paragraph 128 of Plaintiff's Complaint states legal conclusions to which no response is necessary.  To the extent that a response is deemed necessary, Defendants deny the same and demand strict proof thereof.

129.    Paragraph 129 of Plaintiff's Complaint states legal conclusions to which no response is necessary.  To the extent that a response is deemed necessary, Defendants deny the same and demand strict proof thereof.

## VI.    RELIEF REQUESTED

To the extent that any response is required to the Prayer for Relief at the end of Count I of Plaintiff's Complaint, Defendants deny that Plaintiff is entitled to any relief.  Further, Defendants deny each and every averment contained in the Prayer for Relief at the end of Count I of Plaintiff's Complaint and demand strict proof thereof.

WHEREFORE, Defendants Midwest Land & Livestock, Inc., SKV Farms Inc., DCV Farms, Inc., and Mark Alan Vanderploeg respectfully request that Count I of Plaintiff's Complaint filed against him be dismissed, with prejudice, that they be awarded costs and other fees incurred in

WA 2545427.1

connection with this matter, and that he be granted such other and further relief as this Honorable Court deems just and proper.

## JURY TRIAL DEMAND

Defendants demand a jury trial on all issues triable by jury.

## AFFIRMATIVE DEFENSES

Having fully answered the allegations contained in Plaintiff's Complaint, Defendants assert the following affirmative defenses and further responses to Plaintiff's Complaint:

1.      Any allegations contained in Plaintiff's Complaint not specifically admitted are expressly denied, including any and all ad damnum clauses.

2.      Plaintiff's Complaint fails to state a claim for which relief can be granted and should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedures.

3.      To the extent Plaintiff has been damaged, which damage is specifically denied, Plaintiff has failed to mitigate its damages.

4.      Defendants assert the defense of forum non conveniens.

5.      Plaintiff's claims may be barred in whole or in part by the applicable statute of limitations

6.      Plaintiff lacks standing and/or statutory authority to bring the claims asserted herein.

7.      To the extent Plaintiff has been damaged, which damage is specifically denied, other individuals and/or entities damaged Plaintiff, and not Defendants.

8.      To the extent Plaintiff has been damaged, which damage is specifically denied, said damage is attributable to the conduct of Plaintiff, and not Defendants.

9.      The claims of Plaintiff are barred under the doctrine(s) of waiver, laches, and/or estoppel.

10.      Plaintiff's claims are barred by the defense of unclean hands.

WA 2545427.1

11.     Plaintiff's claims may be barred in whole or in part by the economic loss doctrine.

12.     The claims of Plaintiff are barred in whole or in part by the doctrine(s) of superseding and/or intervening cause.

13.     Plaintiff's claims are barred by the doctrine of unjust enrichment.

14.     Defendants assert the defense of frustration of purpose.

15.     If there is any actionable liability of Defendants, which liability is specifically denied, such liability should be compared to the fault of Plaintiff and the other parties and actors involved in the matters alleged in the Complaint.  Defendants allege that any award made to Plaintiff in this action must be proportionately allocated among Plaintiff, Defendants, and other parties or actors found to be culpable in accordance with the percentage of any fault attributable to each of said Plaintiff, Defendants, other parties and actors.  Defendants further allege that any Defendant, other party or actor found to be a fault with respect to Plaintiff's alleged claims must be required to satisfy any such claims only in accordance with it proportional share of fault to be determined in this action.

16.     Plaintiff has failed to establish conditions precedent to the institution of this action.

17.     To the extent applicable or as may hereinafter become applicable, Defendants raise and incorporate by reference as though fully set forth herein each and every Affirmative Defense set forth in Rule 8(c) of the Federal Rules of Civil Procedure.

18.     Defendants reserve the right to amend their Answer and Affirmative Defenses after investigation, discovery, and further information is disclosed to them to enable them to properly answer Plaintiff's Complaint and defend the claims asserted therein.  Defendants further will rely on any law that is available to them after the completion of discovery and investigation of this cause.

WHEREFORE Defendants Midwest Land & Livestock, Inc., SKV Farms Inc., DCV Farms, Inc., and Mark Alan Vanderploeg respectfully request that Plaintiff's Complaint filed against them

WA 2545427.1

be dismissed, with prejudice, that they be awarded costs and other fees incurred in connection with

this matter, and that he be granted such other and further relief as this Honorable Court deems just

and proper.

DATED this 5th day of November, 2010.

Respectfully submitted,

SPENCER FANE BRITT & BROWNE LLP

_s/ Joshua C. Dickinson_

| | | |
|---|---|---|
| Joshua C. Dickinson | Fed. KS # | 20632 |
| Mark A. Thornhill | Fed. KS # | 70197 |

1000 Walnut Street, Suite 1400
Kansas City, MO 64106
Tel.:  (816) 474-8100
Fax:  (816) 474-3216
jdickinson@spencerfane.com
mthornhill@spencerfane.com

ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was filed electronically with the United States

District Court for the District of Kansas, with notice of case activity generated and sent

electronically this 5th day of November, 2010, to:

Jeffery C. Le Riche
Jennifer J. Chapin
Jo E. Mettenburg
Peter L. Riggs
U.S. Commodity Futures Trading Commission
Two Emanuel Cleaver II Blvd., Suite 300
Kansas City, MO 64112-1764
jleriche@cftc.gov
jchapin@cftc.gov
jmettenburg@cftc.gov
priggs@cftc.gov
Attorneys for Plaintiff

s/ Joshua C. Dickinson
Attorney for Defendants

WA 2545427.1