# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| U.S. COMMODITY FUTURES TRADING COMMISSION, | ) ) ) |
| Plaintiff, | ) ) CIVIL ACTION ) CASE NO. 10-2490-EFM-KGG |
| v. | ) ) |
| MIDWEST LAND & LIVESTOCK, INC., a Nevada corporation, SKV FARMS INC., a Delaware corporation, DCV FARMS, INC., a Delaware corporation, and MARK ALAN VANDERPLOEG, an individual, | ) ) ) ) ) ) |
| Defendants. | ) ) ) |

## CONSENT ORDER OF PRELIMINARY INJUNCTION AND FOR OTHER EQUITABLE RELIEF AGAINST DEFENDANTS

Plaintiff U.S. Commodity Futures Trading Commission ("CFTC") has filed a Complaint for Injunctive and Other Equitable Relief and for Civil Monetary Penalties Pursuant to the Commodity Exchange Act (Docket No. 1) and moved for a preliminary injunction. The Court has considered the pleadings, exhibits, and suggestions filed in support of the CFTC's *Ex Parte* Motion for Statutory Restraining Order, Preliminary Injunction and Other Equitable Relief (Docket Nos. 7-9). The Court finds that Defendants Mark Alan Vanderploeg ("Vanderploeg"), Midwest Land & Livestock, Inc. ("MLL"), SKV Farms, Inc. ("SKV"), and DCV Farms, Inc. ("DCV" and collectively with Vanderploeg, MLL, and SKV, the "Defendants") have been properly served with a copy of the Summons and Complaint. The Court further finds that Defendants, without admitting or denying the allegations of the Complaint, consent to the entry of this Order, consent to this Court's jurisdiction over them and admit that the subject matter of this action is properly before this Court, and admit that venue lies properly with this Court.

1

While Defendants have expressly denied any wrongdoing, but have nonetheless agreed to the entry of this Order for purposes of an interim accord, it appears to the Court that there is good cause to believe that Defendants have engaged, are engaging in, or are about to engage in violations of the Commodity Exchange Act, as amended by the Food, Conservation, and Energy Act of 2008, Pub. L. No. 110-246, Title XIII (the CFTC Reauthorization Act of 2008), §§ 13101-13204, 122 Stat. 1651 (enacted June 18, 2008), and the Dodd-Frank Wall Street Reform and Consumer Protection Act of 2010, Pub. L. No. 111-203, Title VII (the Wall Street Transparency and Accountability Act of 2010), §§701-774, 124 Stat. 1376 (enacted July 21, 2010), to be codified at 7 U.S.C. §§ 1 *et seq.* (as amended, the "Act") and that this is a proper case for granting a preliminary injunction to preserve the status quo, protect affected grain elevators and cooperatives from further loss and damage, and enable the CFTC to fulfill its statutory duties. Accordingly, the Court finds as follows:

## I.

### *Jurisdiction and Venue*

**THE PARTIES AGREE AND IT IS HEREBY ORDERED** that:

1. This Court has jurisdiction over this action pursuant to Section 6c of the Act, as amended, to be codified at 7 U.S.C. § 13a-1, which provides that whenever it shall appear to the CFTC that any person has engaged, is engaging, or is about to engage in any act or practice constituting a violation of any provision of the Act, the CFTC may bring an action in the proper district court of the United States against such person to enjoin such practice, or to enforce compliance with the Act.

2.     Venue properly lies with this Court pursuant to Section 6c(e) of the Act, as amended, to be codified at 7 U.S.C. § 13a-1(e), because the acts and practices in violation of the Act have occurred and are occurring within this District.

## II.

### *Prohibition from Violations of the Act and Regulations*

**THE PARTIES AGREE AND IT IS FURTHER ORDERED** that:

Defendants, all persons insofar as they are acting in the capacity of agents, servants, employees, successors, assigns, or attorneys of Defendants, and all persons insofar as they are acting in active concert or participation with Defendants who receive actual notice of this Order by personal service or otherwise, shall be prohibited and restrained from directly or indirectly:

1.    engaging in conduct in violation of Section 9(a)(2) of the Act, as amended, to be codified at 7 U.S.C. § 13(a)(2); and

2.    engaging in any activity related to trading in any commodity, as that term is defined in Section 1a(4) of the Act, as amended, to be codified at 7 U.S.C. § 1a(4) ("commodity interest"), including but not limited to, the following:

> A.    trading on or subject to the rules of any registered entity (as that term is defined in Section 1a(29) of the Act, as amended, to be codified at 7 U.S.C. § 1a(29));
>
> B.    entering into any transactions involving commodity futures, options on commodity futures, commodity options (as that term is defined in CFTC Regulation 32.1(b)(1), 17 C.F.R. § 32.1(b)(1) (2010)) ("commodity options"), and/or foreign currency (as described in Section 2(c)(2)(C)(i) of the Act, as amended, to be codified at 7 U.S.C. § 2(c)(2)(C)(i)) ("forex

contracts") for their own personal account or for any account in which they have a direct or indirect interest;

C. having any commodity futures, options on commodity futures, commodity options, and/or forex contracts traded on their behalf;

D. controlling or directing the trading for or on behalf of any other person or entity, whether by power of attorney or otherwise, in any account involving commodity futures, options on commodity futures, commodity options, and/or forex contracts;

E. soliciting, receiving, or accepting any funds from any person for the purpose of purchasing or selling any commodity futures, options on commodity futures, commodity options, and/or forex contracts;

F. applying for registration or claiming exemption from registration with the Commission in any capacity, and engaging in any activity requiring such registration or exemption from registration with the Commission, except as provided for in CFTC Regulation 4.14(a)(9), 17 C.F.R. § 4.14(a)(9);

G. acting as a principal (as that term is defined in CFTC Regulation 3.1(a), 17 C.F.R. § 3.1(a)), agent, or any other officer or employee of any person registered, exempted from registration or required to be registered with the Commission except as provided for in CFTC Regulation 4.14(a)(9), 17 C.F.R. § 4.14(a)(9).

### III.

### *Force and Effect*

**THE PARTIES AGREE AND IT IS FURTHER ORDERED** that:

This Order shall remain in full force and effect until further order of this Court, and that this Court retains jurisdiction of this matter for all purposes.  Further, the September 13, 2010 Order (granting Plaintiff's *Ex Parte* Emergency Motion) (Docket No. 13) and the restrictions set forth therein are incorporated in full herein by reference and shall remain in full force and effect until further order of this Court, with the exception of the following:

1. Defendant Vanderploeg is allowed full use and access of all wages and other compensation earned from his employment with IBM and this portion of the order shall apply retroactively to the filing of the Lawsuit.  Vanderploeg may open any such new checking or savings accounts as is necessary to hold and use the wages and other compensation from his employment with IBM.  To the extent Vanderploeg obtains employment elsewhere in the future, this provision will apply to wages and compensation earned by Vanderploeg from any new or additional employment other than his present position with IBM;

2. Pursuant to this Court's Order dated October 13, 2010, Defendant Vanderploeg is allowed full access and use of the funds contained within his 401k account;

3. Paragraphs 17-20 of the Court's September 13, 2010 Order are modified to comport with paragraphs 1 & 2 of this section;

4. Consistent with intent of Paragraphs 14, 16, & 22-24 of the September 13, 2010 Order, Defendants shall either provide full access to their books and records on or before November 30, 2010, or assert any objections or privileges thereto with the Court, on or before that date;

5. Paragraphs 25, 26, 28 & 29 of the September 13, 2010 order are withdrawn.

**SO ORDERED**, this 30th day of November, 2010

     /s   Eric F. Melgren
    ERIC F. MELGREN
    UNITED STATES DISTRICT JUDGE
    DISTRICT OF KANSAS

Accepted and agreed to this 30th day of November, 2010:


/s/ Peter L. Riggs
Jeff Le Riche, MO #46557
Jo Mettenburg, KS #19423
Jennifer J. Chapin, KS #19553
Peter L. Riggs, KS #23523
Commodity Futures Trading Commission,
Division of Enforcement
Two Emanuel Cleaver II Boulevard, Suite 300
Kansas City, MO 64112
816-960-7745 (Le Riche)
jleriche@cftc.gov
816-960-7744 (Mettenburg)
jmettenburg@cftc.gov
816-960-7746 (Chapin)
jchapin@cftc.gov
816-960-7748 (Riggs)
priggs@cftc.gov
816-960-7750 (fax)

**COUNSEL FOR PLAINTIFF**


SPENCER FANE BRITT & BROWNE LLP


s/ Joshua C. Dickinson
Joshua C. Dickinson           KS #20632
Mark A. Thornhill             KS #70197
1000 Walnut Street, Suite 1400
Kansas City, MO 64106
Telephone: (816) 474-8100
Facsimile:  (816) 474-3216
jdickinson@spencerfane.com
mthornhill@spencerfane.com

**COUNSEL FOR DEFENDANTS**